993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Russo BAILEY, Plaintiff-Appellant,
v.
Warren ZIMMER; Robin Oeltjenbruns; James Lendsay;
Kristeen Mccollough; University of California
Regents, Defendants-Appellees.
 No. 92-55888.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 6, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Russo Bailey appeals pro se the district court's dismissal of his civil rights action on the ground that it was barred by the doctrine of res judicata. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review de novo the district court's determination that an action is barred by the doctrine of res judicata. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988).
 
 
 4
 The doctrine of res judicata encompasses the doctrines of issue preclusion and claim preclusion. Id. "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Id. (quotation omitted). Claim preclusion bars relitigation of all claims that were previously available to the parties, whether or not the claims were actually asserted and adjudicated in the prior action. Id. at 322.
 
 
 5
 Here, Bailey filed this action under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the Regents of the University of California and four University of California police officers violated his constitutional rights. Specifically, Bailey alleged that on four separate occasions, defendants wrongfully cited him for parking and motor vehicle violations. Bailey alleged defendants falsely arrested him, used excessive force, and deprived him of liberty, property, and equal protection of the laws in violation of the first, fifth, seventh, and fourteenth amendments. Bailey had previously filed an action under 42 U.S.C. § 1983 against the same parties, based on the same four incidents, raising identical claims. See Bailey v. Zimmer, No. CV-90-1121-G(IEG) (S.D.Cal. June 20, 1991). The district court dismissed that action with prejudice for lack of jurisdiction and for failure to state a claim. See id.
 
 
 6
 Although a dismissal for lack of jurisdiction generally is not a decision on the merits for res judicata purposes, see Fed.R.Civ.P. 41(b), a dismissal for failure to state a claim is an adjudication on the merits, see id. Accordingly, the district court's decision in No. 90-1121-G(IEG) operates as a final decision on the merits. See id. Therefore, because Bailey's present action involves the same parties and is based on the same claims as his prior action, he is barred from relitigating those claims. See Robi, 838 F.2d at 322. Thus, the district court did not err by dismissing the present action under the doctrine of res judicata.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Bailey requests sanctions on appeal in his reply brief we deny his request